Slip Op. 10-2

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **GERBER FOOD (YUNNAN) CO., LTD. and GREEN FRESH (ZHANGZHOU) CO., LTD.**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **COALITION FOR FAIR PRESERVED MUSHROOM TRADE**, <br><br> Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge** <br><br> **Court No. 04-00454** |

## OPINION

[Affirming, pursuant to voluntary remand, the redetermination of the final results of an antidumping administrative review in which the United States Department of Commerce applied "facts otherwise available" and "adverse inferences" with respect to certain sales transactions]

Dated: January 5, 2010

*Garvey Schubert Barer* (*Lizbeth R. Levinson* and *Ronald M. Wisla*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Richard P. Schroeder*); *Scott D. McBride*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Kelley Drye & Warren LLP* (*Michael J. Coursey* and *John M. Herrmann*) for defendant-intervenor.

Stanceu, Judge: The court has reviewed the Redetermination Pursuant to Court Remand ("Remand Redetermination") filed by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") on July 29, 2009. Defendant sought and obtained an order for a voluntary remand following plaintiffs' commencement of an action to contest the Department's final determination ("Final Results") in the fourth administrative review of an antidumping order on certain preserved mushrooms from China. Order, May 5, 2009; *see Certain Preserved Mushrooms From the People's Republic of China: Final Results of Sixth Antidumping Duty New Shipper Review & Final Results & Partial Rescission of the Fourth Antidumping Duty Admin. Review*, 69 Fed. Reg. 54,635 (Sept. 9, 2004) ("*Final Results*").

With respect to plaintiff Green Fresh (Zhangzhou) Co., Ltd. ("Green Fresh"), the Remand Redetermination announces the Department's decision "to calculate a margin for it free of facts otherwise available." Remand Redetermination 7. As to plaintiff Gerber Food (Yunnan) Co., Ltd. ("Gerber"), Commerce states that it "has limited its application of AFA ["adverse facts available"] to only those sales transactions for which Gerber continued to use Green Fresh invoices in order to avoid paying the proper antidumping duties during the *Fourth Mushrooms Review* POR [*i.e.*, the 'period of review']." *Id.* at 4. During the fourth administrative review, Commerce had found that those sales transactions pertained to twenty-three entries of merchandise subject to the review that Gerber made using Green Fresh's invoices, rather than its own invoices. *Id.* at 3. Finally, Commerce concludes in the Remand Redetermination that a rate of 121.33% is appropriate to apply as an adverse inference because it is "derived from Gerber's own verified data, submitted by that respondent in the most recent review prior to the *Third*

*Mushrooms Review* in which it actively participated." Remand Redetermination 5-6. The

Remand Redetermination includes a finding that Gerber "failed to cooperate by not acting to the

best of its ability." *Id.* at 6; 19 U.S.C. § 1677e(b) (2006). In the Final Results, Commerce had

found that Gerber did not act to the best of its ability "in its reporting of information to the U.S.

government, both at the time of entry of the merchandise and in its previous submissions to the

Department, relating to the agreement between Gerber and Green Fresh which directly pertained

to the transactions under review in this POR." *Final Results*, 69 Fed. Reg. at 54,637.

Pursuant to the court's Order of May 5, 2009, which granted defendant's request for a

voluntary remand, plaintiffs were provided the opportunity to file with the court comments on the

Remand Redetermination within thirty days of the filing of the Remand Redetermination. *See*

Order, May 5, 2009. Neither of the plaintiffs nor defendant-intervenor filed comments. Under

these circumstances, the court reasonably may infer that the parties concur in the Remand

Redetermination. *See Wuhan Bee Healthy Co., Ltd. v. United States*, 32 CIT __, __, Slip

Op. 08-61, at 12 (May 29, 2008) ("Under such circumstances, Commerce 'may well be entitled

to assume that the silent party has decided, on reflection, that it concurs in the agency's [remand

results],' and the court will uphold the parties' concurrence." (quoting *AL Tech Specialty Steel

Corp. v. United States*, 29 CIT 276, 285, 366 F. Supp. 2d 1236, 1245 (2005))).

The court is affirming the Remand Redetermination on the basis of the assumed

concurrence of the parties and will enter judgment accordingly. In so doing, the court does not

express or imply agreement with all of the statements that Commerce makes in its notice

announcing the Remand Redetermination. The court disagrees specifically with the

Department's statements in the Remand Redetermination opining on the scope of the

Department's "inherent authority."  Remand Redetermination 7-9.  The court concludes that these statements pertaining to the scope of inherent authority are not a correct statement of the law.  The statements in question are unnecessary to the Department's decisions in this case and are inconsistent with the reasoning in *Gerber Food (Yunnan) Co., Ltd. v. United States*, 29 CIT 753, 774-75, 387 F. Supp. 2d 1270, 1289-90 (2005).  They also appear to be inconsistent with the Department's statement in the concluding paragraph of the Remand Redetermination that, in invoking the use of facts otherwise available and an adverse inference as to Gerber, Commerce is acting under the authority of 19 U.S.C. § 1677e(a) and (b).  *See* Remand Redetermination 9.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: January 5, 2010
         New York, New York